**UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780

March 4, 2020

LETTER TO COUNSEL

    RE:    *Vertellus Holdings LLC, et al. v. W. R. Grace & Co.-Conn.*,
               Civil No. SAG-18-3298

Dear Counsel:

    This case was assigned to United States Magistrate Judge A. David Copperthite for discovery and related scheduling on October 1, 2019. W.R. Grace ("Grace") filed an objection to two of Judge Copperthite's Orders. *See* ECF 83, ECF 88. The Federal Rules of Civil Procedure provide:

> The district judge in a case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a). All parties agree that this standard governs the Court's review of Judge Copperthite's Orders. *See* ECF 92 at 6, ECF 100 at 4–5.

    The first Order under review, ECF 83, concerns the privileged nature of various documents. Grace has sought to compel Vertellus Holdings LLC ("Vertellus") to provide a number of documents, while Vertellus maintains that these documents fall within either attorney-client privilege or work-product privilege. Vertellus provided affidavits in support of its contentions about the applicability of each privilege. On January 22, 2020, Judge Copperthite granted in part, and denied in part, Grace's Motion to Compel, ECF 75. Importantly, Judge Copperthite conducted an *in-camera* review, and assessed the applicability of both privileges for each contested document. *See, e.g.*, ECF 83 at 2 (explaining that documents 2 and 3 constitute privileged communications between Vertellus and counsel, and thus, are subject to attorney-client privilege); *Id.* (granting Motion to Compel with respect to emails in document 32). These findings apply the governing standards for privilege, and are neither clearly erroneous, nor contrary to law. *See* ECF 83 at 1–2 (discussing precedent, such as *Upjohn Co. v. United States*, 449 U.S. 383 (1981) and *Hickman v. Taylor*, 329 U.S. 495 (1947)).

    The second Order under review, ECF 88, concerns Grace's recent request for production of documents. This Court's local rules limit parties to thirty requests for production. Loc. R. 104.1 (D. Md. 2018). Both sides have already exceeded thirty requests. *See* ECF 100 (explaining that Vertellus served 49 requests and Grace served 54 requests). While parties may agree to exceed this amount, such an agreement does not indicate a willingness to respond to an unlimited number of requests. Moreover, as explained in Judge Copperthite's Order, Grace's current request is arguably repetitive with prior ones.

*Vertellus Holdings LLC, et al. v. W.R. Grace & Co.-Conn.*,
Civil No. SAG-18-3298
Mar. 4, 2020
Page 2

      Additionally, Grace raised a new argument, suggesting that it is entitled to 150 requests for production, because Vertellus constitutes five distinct entities. *See* ECF 92 at 12. However, the claims in this matter are not sufficiently "distinct to warrant the number of [requests for production] posed by" Grace. *See Alvarez v. Johns Hopkins Univ.*, 2019 WL 2210644, at *8 (D. Md. May 21, 2019). Moreover, Grace has had the opportunity to seek documents related to Vertellus's bankruptcy since this litigation's inception. Given the history of discovery between these parties, and "[i]n light of the broad discretion given to a magistrate judge in the resolution of nondispositive discovery disputes," the Court overrules Grace's objection.

      For the reasons set forth above, Grace's Objection to Discover Orders 83 and 88, ECF 92, is DENIED. Despite the informal nature of this letter, it should be flagged as an Opinion and docketed as an Order.

                                   Sincerely yours,

                                   /s/

                                 Stephanie A. Gallagher
                                 United States District Judge